UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHMUEL KLEIN,

                    Plaintiff,

– against –

UNITED PARCEL SERVICE, *et al.*,

                    Defendants.

**OPINION AND ORDER**

11 Civ. 2044 (ER)

Ramos, D.J.:

      Presently before the Court is Plaintiff's request to reopen the case. Doc. 8 ("Pl.'s Ltr."). For the reasons set forth below, the application is DENIED.

### I. Background

      Plaintiff Shmuel Klein ("Klein" or the "Plaintiff") initiated the instant action by filing the Complaint on March 24, 2011. Doc. 1.[1] A summons was issued that day, allowing for immediate service. During the following eleven months, Plaintiff neither served the Defendants nor communicated with the Court in any regard. Thus, on February 6, 2012, the Court issued an order warning Plaintiff that the action would be dismissed without prejudice unless within thirty days—*i.e.*, on or before March 6, 2012—he either (1) filed proof of service with the Clerk of the Court or (2) explained in writing why a further extension of the time limit for service may be necessary. Doc. 5.

      In light of Plaintiff's failure to file proof of service and failure to respond to the Court's February 6, 2012 order, the Court dismissed the action without prejudice on March 27, 2012,

---

[1] Plaintiff claims, *inter alia*, that Spring Valley police officers deprived him of property without due process of law and falsely arrested him in connection with a dispute over packages that had been delivered by Defendant United Parcel Service. The Complaint also raises state law claims, including negligence and assault.

pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[2]  Doc. 6.  The Clerk of the Court closed the case on March 28, 2012.  Doc. 7.

More than two years of silence passed.  Then, on September 8, 2014, the Court received its first correspondence from Plaintiff since the filing of the Complaint in March 2011:  a letter dated September 4, 2014 requesting that the matter be reopened.  *See* Pl.'s Ltr.

Plaintiff represents that, after he filed the instant matter, the "District Attorney" (unnamed) "prosecuted [him] … and obtained convictions."  Pl.'s Ltr.  He does not specify whether the prosecution was related to the Section 1983 claims asserted in his Complaint, or of which offenses he was convicted.  However, he claims that the prosecution and convictions are why he failed to timely effect service.  *Id.*  Plaintiff contends that the Court should now restore the matter to the docket because the New York State Appellate Term reversed both of his convictions on or about February 6, 2014.  *Id.*  Plaintiff further notes that "several months after [February 6, 2014], the prosecutor stated [that] he [would] no longer pursue the matter."  *Id.*

## II.     Discussion

The Court construes Plaintiff's request as a motion to reopen pursuant to Rules 60(b)(1) and (6) of the Federal Rules of Civil Procedure, which state:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect ... or
> (6) any other reason justifying relief from the operation of the judgment.

---

[2] Rule 4(m) provides:

> If service of the summons and complaint is not made upon the defendants within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

> The motion shall be made within a reasonable time, and for reason[ ] (1) ... not more than one year after the judgment, order, or proceeding was entered or taken.

*Major v. Coughlin*, No. 94 Civ. 7572 (DLC), 1997 WL 391121, at *2 (S.D.N.Y. July 11, 1997) (quoting Fed. R. Civ. P. 60(b)); *see also, e.g.*, *Meilleur v. Strong*, 682 F.3d 56, 60 (2d Cir. 2012) (citing *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (treating an untimely motion for reconsideration as a Rule 60(b) motion)), *cert. denied*, 133 S. Ct. 655 (2012).

Rule 60(b)(1) offers relief from a judgment or order where the moving party demonstrates, *inter alia*, "excusable neglect." *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (quoting Fed. R. Civ. P. 60(b)(1)). Courts will find excusable neglect where a party's failure to comply with filing deadlines is attributable to negligence. *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (citing *Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). Where there has been abuse by the parties, however, a finding of excusable neglect is unwarranted. *Lucas v. The Educ. Alliance*, No. 98 Civ. 6280 (DLC), 1999 WL 287330, at *1 (S.D.N.Y. May 7, 1999). "'The determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "prejudice to the adversary, the length of delay, the reason for the error, the potential impact on the judicial proceedings, whether it was within the 'reasonable control of the movant,' and whether the movant acted in good faith." *Id.* (citing *Pioneer*, 507 U.S. at 395).

Rule 60(b)(6), the catchall subsection of the Rule, applies "only when there are extraordinary circumstances justifying relief," or "when the judgment may work an extreme and undue hardship." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (citations omitted). Because (b)(6) can only be invoked when other grounds for relief are unavailable, mistake, inadvertence, surprise or excusable neglect cannot serve as grounds for relief thereunder. *Id.*

3

"Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd sub nom.*, *Gollust v. Mendell*, 501 U.S. 115 (1991). While "pro se litigant[s] ... should not be impaired by the harsh application of technical rules, they are not excused from the requirement that they produce highly convincing evidence to support a Rule 60(b) motion." *Dais v. Lane Byrant, Inc.*, No. 97 Civ. 2011 (PKL) (RLE), 2002 WL 417242, at *2 (S.D.N.Y. Mar. 15, 2002) (internal citations and quotation marks omitted), *aff'd sub nom. Dais v. Lane Bryant, Inc.*, 113 F. App'x 417 (2d Cir. 2004); *see also Green v. Unwin*, 563 F. App'x 7, 8 (2d Cir. 2014) (summary order) (affirming denial of *pro se* litigant's motion to reconsider dismissal for failure to effect service).

Here, the Court finds that Plaintiff's failure to effect service, request an extension from the Court or pursue his claims remains inexplicable. Although he argues that the summons and complaint were not timely served because of his prosecution and convictions, Plaintiff fails to explain why the prosecution and convictions (for unnamed offenses) rendered him unable to seek an extension or otherwise communicate with the Court for a period of more than two years, or why he waited to move to reopen this case until after the prosecution concluded. Nor is the Court aware of any reason why a prosecution or conviction would necessarily render Plaintiff unable to effect service or request relief from the Court.[3]  *See, e.g.*, *Meilleur v. Strong*, No. 10 Civ. 5371 (PGG), 2011 WL 12410769, at *1 (S.D.N.Y. May 26, 2011) (dismissing *pro se* plaintiff's Section 1983 claim for failure to effect service and denying Rule 60(b) motion to reopen where plaintiff offered no explanation as to why she could not timely effect service, then failed to explain the multi-month lag between service and her motion to reopen), *aff'd*, 682 F.3d

---

[3] Plaintiff does not claim that he was incarcerated during the prosecution, and in any event, incarceration does not preclude *pro se* litigants from corresponding with the Court.

4

at 64; *cf. Rosario v. Cirigliano*, No. 10 Civ. 6664, 2011 WL 4063257, at *6 (S.D.N.Y. Sept. 12, 2011) (reopening case where the plaintiff did not attempt to effect service during the 120–day period or seek an extension, but "show[ed] that an effort was made to effect service (if *after* the 120–day period ran), and, more importantly, advanced a colorable excuse for the failure"). Indeed, Plaintiff "has provided no indication of a good faith effort on his part to prosecute this case." *Canini v. U.S. Dep't of Justice Fed. Bureau of Prisons*, No. 04 Civ. 9049 (CSH), 2008 WL 818696, at *5 (S.D.N.Y. Mar. 26, 2008) (denying Rule 60(b) motion to reopen). Thus, the Court finds that Plaintiff has failed to set forth a sufficient explanation for his dilatory conduct.

Moreover, a motion under Rule 60(b) "must be made within a reasonable time," and, if made under Rule 60(b)(1), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Plaintiff's delay in seeking to reopen the case for three and one-half years—from March 2011 to September 2014—is of significant duration. *See Adams v. Yolen*, 513 F. App'x 64, 66 (2d Cir. 2013) (lapse of more than two years "between the event that triggered the right to reopen and the actual motion to reopen is a 'significant delay'"); *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004) (finding 17-month delay "significant"); *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999) (deeming a one and a half year delay "a prolonged" failure). Nor has Plaintiff described any "extraordinary circumstances" that would entitle him to relief. *Cf. Golden Oldies, Ltd. v. Scorpion Auction Grp., Inc.*, 199 F.R.D. 98, 99 (E.D.N.Y. 2001) (finding that Rule 60(b)(6) motion to reopen, filed more than two years after order of dismissal, was made within a reasonable time where defendant's evasion of service created "extraordinary circumstances," and plaintiff brought the motion three months after the defendant was finally located and served).

"Only on rare occasions should a district judge deprive the languid litigant of his right to a trial on the merits," but "[b]urgeoning filings and crowded calendars have shorn courts of the luxury of tolerating procrastination." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 667-68 (2d Cir. 1980). Accordingly, the Court DENIES Plaintiff's motion to reopen the case.[4]

### III.  Conclusion

Plaintiff's motion to reopen the case is DENIED. The Clerk of the Court is respectfully directed to mail a copy of the instant Opinion and Order to Plaintiff.

It is SO ORDERED.

Dated:  September 17, 2014
        New York, New York

_____
Edgardo Ramos, U.S.D.J.

---

[4] The Court notes that, to the extent that Plaintiff could have, in the alternative, based his request on Rule 41(b) of the Federal Rules of Civil Procedure, which governs involuntary dismissal of an action for reasons including failure to prosecute a claim, the outcome would be no different.